UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ANDREAS GABRIEL YESCAS SR.,

Plaintiff,

v.

THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, and ERIC TAYLOR,

Defendants.

Case No. 3:26-cv-00298-MMD-CLB

ORDER

## I. INTRODUCTION

Pro se Plaintiff Andreas Gabriel Yescas Sr. initiated this action by filing an application to proceed *in forma pauperis* (ECF No. 1 ("IFP")) and a civil rights complaint (ECF No. 1-1 ("Complaint")). Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Carla L. Baldwin, screening the Complaint and recommending that this case be dismissed without prejudice and without leave to amend, and denying Plaintiff's IFP application and other pending motions (ECF Nos. 1, 3, 5) as moot. (ECF No. 8.) Plaintiff timely filed an objection. (ECF No. 9 ("Objection").)[1] As further explained below, the Court overrules Plaintiff's objection and adopts the R&R in full.

## II. DISCUSSION

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's Report and Recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation]

[1]Plaintiff additionally submitted various notices and supplements (ECF Nos. 10, 11, 12, 13, 14), which do not affect the Court's ruling.

to which objection is made." *Id.* The Court's review is thus de novo because Plaintiff filed his Objection.

In the R&R, Judge Baldwin screens the Complaint, in which Plaintiff alleges that Defendants wrongfully terminated his short-term disability benefits in violation of the Employee Retirement Income Security Act ("ERISA"), Americans with Disabilities Act ("ADA"), and Nevada state law. (ECF No. 8 at 3-4.) She recommends dismissal without prejudice because Plaintiff concedes that he has pending administrative appeals related to both his ERISA and ADA claims, and he therefore did not exhaust his administrative remedies prior to initiating this action. Plaintiff objects that he "filed this action solely to preserve his rights and maintain the status quo, not to bypass exhaustion requirements," and concedes that his "ERISA and ADA administrative processes were still pending." (ECF No. 9 at 1-2.) The Court agrees with Judge Baldwin.

As Judge Baldwin clearly explains in the R&R, under federal law, "litigants are not permitted to file suit *until after* they have completed the administrative appeal process." (ECF No. 8 at 3 (collecting and citing cases).) Plaintiff concedes in both his Complaint and Objection that he filed his suit prior to exhausting the administrative appeal process, and Plaintiff's intention for why he filed the action is immaterial. The Court thus agrees with Judge Baldwin that the case is premature and will dismiss this case without prejudice and deny Plaintiff's other pending motions as moot.[2] Plaintiff may file a new lawsuit after he has exhausted his pending administrative appeals, if he has not obtained his desired relief.

## III. CONCLUSION

It is therefore ordered that Plaintiff's Objection (ECF No. 9) to Judge Baldwin's Report and Recommendation is overruled.

---

[2]For the same reasons discussed in this order, the Court will also deny as moot Plaintiff's motion to recognize exhaustion of ERISA administrative appeal (ECF No. 15), which Plaintiff filed after Judge Baldwin issued the R&R.

It is further ordered that Judge Baldwin's Report and Recommendation (ECF No. 8) is accepted and adopted in full.

It is further ordered that Plaintiff's Complaint (ECF No. 1-1) is dismissed without prejudice and without leave to amend.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1), motion to stay proceedings pending completion of administrative appeals (ECF No. 3), motion to amend caption (ECF No. 5), and motion to recognize exhaustion of ERISA administrative appeal (ECF No. 15) are denied as moot.

The Clerk of Court is kindly directed to enter judgment and close this case.

DATED THIS 28th Day of July 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE